**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERMES G. VILLAR GUZMAN; MARCELINA VILLAR; JESSY P. VILLAR BERROCAL; MARIA DEL PILAR VILLAR BERROCAL, | No. 05-77318 |
| Petitioners, | Agency Nos. A070-923-176 A070-923-177 A070-923-178 A070-923-179 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, District
Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

Hermes G. Villar Guzman, Marcelina Villar, Jessy P. Villar Berrocal and Maria Del Pilar Villar Berrocal petition for review of a decision of the Board of Immigration Appeals ("BIA") denying their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). We assume familiarity with the facts, prior proceedings and issues presented. Because the BIA adopted the reasoning of the immigration judge ("IJ"), we review the latter's decision. *See Knezevic v. Ashcroft*, 367 F.3d 1206, 1210 (9th Cir. 2004).

## I

The IJ's finding that Hermes was not credible was supported by substantial evidence. Hermes's testimony before the IJ that he left the military in 1981 was inconsistent with his statements in his written asylum application and asylum interview that he served until 1991.

This inconsistency goes to the heart of petitioners' asylum claim because "[p]ersecution occurring because a person is a current member of a police force or the military . . . is not on account of one of the grounds enumerated in the [Immigration and Naturalization] Act." *Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000) (internal quotation marks and emphasis omitted). If Hermes was

still in the military when the threats from Sendero Luminoso allegedly commenced, he cannot establish that he was targeted as a former soldier.

The IJ adequately addressed Hermes's proffered explanations for the inconsistency, reasoning that nervousness and confusion at the asylum interview did not justify Hermes's failure to correct the ten-year discrepancy before the asylum officer. In light of Hermes's admitted understanding of his obligation to tell the asylum officer the truth, the record does not compel a contrary conclusion.

## II

We find no merit in petitioners' contention that the IJ should have "probed the record" for corroboration of Hermes's testimony by questioning Marcelina as to Hermes's discharge date. Petitioners' counsel presented Marcelina as a witness, and the IJ in no way interfered with his ability to elicit her testimony on any subject. In any event, Marcelina adopted Hermes's testimony in its entirety. As a result, her testimony is also inconsistent with Hermes's prior statements and relies solely on his explanations for the inconsistency. In these circumstances, the IJ was not required to separately assess Marcelina's credibility.

## III

There is no evidence that the IJ was biased. His adverse credibility determination was, as explained above, based entirely on legitimate considerations.

3

We are also satisfied that the IJ considered the entire record, including petitioners' background evidence and Hermes's pre-hearing declaration. Thus, the IJ did not violate petitioners' due-process rights to "a full and fair hearing of [their] claims and a reasonable opportunity to prevent evidence on [their] behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

IV

Because the IJ's adverse credibility determination was supported by substantial evidence and comported with due process, petitioners cannot satisfy their burden of demonstrating eligibility for asylum, withholding of removal, or relief under CAT.[1] Accordingly, their petition for review is

**DENIED.**

---

[1]Because we uphold the IJ's adverse credibility determination, we do not reach his alternative conclusions that, even accepting Hermes's testimony as true, petitioners failed to establish eligibility for the relief they sought.